Argued December 17, decided December 23, 1913.

## THOMSON *v.* SWANK.

(137 Pac. 193.)

**Mortgages—Assignment—Validity—Evidence.**

1. Evidence *held* to show that a mortgagor, in the presence of the mortgagee, stated to one to whom the mortgagee afterward assigned the mortgage that the property covered was valuable for coal, timber and fruit, when in fact it was valueless for timber, nearly worthless for fruit, and no coal had been found on the land, and its worth for that purpose was wholly problematical.

**Mortgages—Assignment—Validity—False Representations.**

2. A mortgagee who is negotiating for the sale of the mortgage is responsible for false representations as to the character of the land by the mortgagor in his presence to the proposed purchaser.

From Multnomah: HENRY E. McGINN, Judge.

Department 1.     Statement by MR. JUSTICE MOORE.

This is a suit by G. W. Thomson against Evva L. Swank and J. D. Swank, her husband, to set aside a

conveyance of real property alleged to have been induced by fraudulent representations, and also to recover the sum of $115 paid on account of the transfer.
From a decree granting the relief prayed for in the
complaint, the defendants appeal.        AFFIRMED.

For appellants there was a brief, with oral arguments by *Mr. George I. Brooks* and *Mr. Fred W.
Bronn.*

For respondent there was a brief over the name of
*Messrs. Jeffrey, Lenon & Ambrose,* with an oral argument by *Mr. Charles E. Lenon.*

MR. JUSTICE MOORE delivered the opinion of the
court.

The admitted facts are that on April 2, 1912, the
plaintiff, owning at No. 1137 Glen Avenue, Portland,
Oregon, a house and lot, published in a newspaper of
that city a notice offering to sell and convey the premises for $2,450, one half thereof to be paid down, and
the remainder on time. The defendant Swank, having seen the advertisement, telephoned the plaintiff
to call upon him with a view of effecting a sale of the
property. Pursuant to the invitation Thomson called
upon Swank, who, acting for his wife, offered for the
lot the sum so demanded by assigning a mortgage of
40 acres of land in Coos County, executed to Mrs.
Swank September 19, 1911, by C. L. Burton and his
wife, to secure the payment of a promissory note of
$2,500 due on or before three years, with interest at
the rate of 8 per cent per annum, payable at maturity.
By this proposal the plaintiff was to give, in addition
to a conveyance of his lot, the sum of $50, one half
of which was to be paid when he accepted the offer,
and the remainder when, upon an examination of abstracts of title to the mortgaged land and to the

plaintiff's premises, an exchange of the deed and assignment was effected. Thomson thereupon visited Burton and made inquiry as to the value of the land so mortgaged, and, being satisfied from the representations made by the mortgagor that the security was ample, accepted the offer, and entered into a written contract wherein, referring to Swank and Thomson respectively, it was stated in respect to the accrued interest on the note: "And it is further agreed that the party of the first part is to collect one hundred dollars from the party of the second part when he collects the interest on said and above mortgage, due on the 19th day of Sept. 1912." Complying with the terms of such writing, the plaintiff, on April 4, 1912, executed to Mrs. Swank a promissory note for $100, payable in six months, with interest from the date at the rate of 7 per cent per annum. A deed, executed by the plaintiff and his wife to Mrs. Swank, of the lot was placed in escrow, as was also the latter's assignment of the mortgage to Thomson. An abstract of the mortgaged premises having revealed the existence of a prior mortgage of $1,000, the plaintiff called upon a Mr. Amadon, who at one time had owned the land, and also visited Burton, the second mortgagor, and from them he learned that the prior mortgage was of 160 acres of land which included the 40 acres described in the second mortgage. The plaintiff being satisfied with the value of the security offered, his deed and the assignment of the mortgage were respectively delivered. Thomson, on April 12, 1912, in consideration of the surrender of his note of $100, maturing October 4th of that year, and a discharge of the $50 which he was to give for an assignment of the security, paid Mrs. Swank $135, in full of such demands. This suit was instituted May 2, 1912, and prior to the trial of the cause the plaintiff, for the

68 Or.—13

expressed consideration of a conveyance to him of the lot in the City of Portland, executed to the defendants a reassignment of the mortgage.

The plaintiff testified that Swank represented to him that he had owned in Coos County the 40 acres of land which he had sold to Burton for $6,000, receiving on account thereof $3,500, and taking the mortgage referred to of $2,500 as security for the payment of the remainder of the purchase price; that, in negotiating the trade, Swank took the witness to see Burton, who said the land was valuable for coal, timber and fruit; that, after an exchange of the deed and the assignment of the mortgage, the witness visited and examined the 40-acre tract in company with the county surveyor of that county, and found about five or six acres of bench land that was fairly level, the remainder being broken and cut up by ravines; that about three acres had at one time been under cultivation, but had been allowed to grow over with brush; that about 60 years prior thereto a fire had consumed most of the timber in that vicinity, and only a second growth was then standing on the premises; and that the value of the land did not exceed $1,000.

The deposition of S. B. Cothcart, the county surveyor of Coos County, is to the effect that he examined the 40 acres of land referred to in company with the plaintiff, whose testimony is corroborated with respect to the condition and character of the premises. In referring to the cleared land, Cothcart further deposed that a part of it consisted of an orchard containing about 100 apple trees that had been neglected and were more or less broken. He also stated, upon oath, that he did not consider the timber of any value; that he found a prospect hole on the premises, but did not discover any evidences of coal; that about two miles from the land coal had been discovered, the value of

which was doubtful; and that from his knowledge of the 40 acres the worth thereof was only $1,000.

His sworn declarations are corroborated by the deposition of Arthur Demarest, who further stated that he had cultivated an adjoining tract, in referring to which he said it was very poor land.

The defendant J. D. Swank, as a witness, denied that he represented to the plaintiff that the Coos County land was of the value of $6,000, but that he asserted such sum was the price he asked for the premises. Referring to what he declares he detailed to Thomson about the 40-acre tract, Swank stated, upon oath: "I told him that I considered the greatest value of the land to be from a mineral standpoint and from a coal standpoint, and that it was good timber land. * * I told him that is the way they were represented to me by a fellow who had seen the property. * * I told him that I had not seen the property."

On cross-examination Swank testified that the mortgage note was transferred to plaintiff "without recourse" because he indorsed all notes in that manner, and that he knew the mortgage was given to secure a part of the purchase price.

W. W. Sinclair, as defendants' witness, testified that he was sitting at a desk a few feet away from Swank, and heard the latter tell the plaintiff that he had never seen the Coos County land, but that this defendant thought it was chiefly valuable for minerals; that it would raise fruit; that there was on the premises considerable timber which when removed would render the land good for agriculture and for fruit.

W. W. Groves, as defendants' witness, testified that he had seen the 40-acre tract, and that it would be difficult to farm the land in any condition.

1. We do not rest our decision on the value placed by the witnesses of either party upon the 40-acre tract but on the representations made by Burton to Thom-

son as related by the latter, who stated, upon oath, that the mortgagor, in the presence of Swank, told the plaintiff that the Coos County land was valuable for coal, for timber, and for fruit.

The evidence indisputably shows that the 40-acre tract is valueless for timber, and nearly worthless for agriculture and for fruit, that no coal had ever been found in the land, and that its worth for that purpose was wholly problematical.

2. Burton did not appear as a witness for either party. It will be remembered that Swank stated, upon oath, that he was not present when Thomson interviewed Burton respecting the character of the Coos County land. It is believed, however, that the plaintiff's declaration in this respect is true. This conclusion is deduced from the written contract entered into April 2, 1912, wherein it is asserted that the sum of $100 as accrued interest on the promissory note would become due September 19th of that year, when by the express terms of the negotiable instrument no interest was payable until two years thereafter. This writing confirms Thomson's testimony to the effect that, when the offer to assign the mortgage was originally made, Swank represented to him that the interest was payable annually. When, however, the note was later exhibited to the plaintiff, he discovered that the interest was not payable until September 19, 1914. As Burton's representations were not qualified by the statement that he had never seen the land, they amounted to an assertion that he was describing the character of the premises as they appeared to him from a personal examination thereof, and, such declarations having been made in the presence of Swank, he is responsible therefor, and hence the decree should be affirmed.

                                        AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.